**ORAL ARGUMENT NOT YET SCHEDULED**
**No. 26-5253**

## United States Court of Appeals
## For the District of Columbia Circuit

---

DEPARTMENT OF DEFENSE A/K/A DEPARTMENT OF WAR, ET AL.,

*Defendants-Appellants,*

v.

THE NEW YORK TIMES COMPANY, ET AL.,

*Plaintiffs-Appellees.*

---

On Appeal From The United States District Court
For The District Of Columbia, No. 1:26-cv-1690-PLF,
The Honorable Paul L. Friedman

---

## MOTION FOR LEAVE TO SUBMIT ADDITIONAL EVIDENCE

| | |
|---|---|
| Susan M. Pelletier | Theodore J. Boutrous, Jr. |
| Eric Brooks | Katie Townsend |
| GIBSON, DUNN & CRUTCHER LLP | GIBSON, DUNN & CRUTCHER LLP |
| 1700 M Street, NW | 333 South Grand Avenue |
| Washington, DC 20036-4504 | Los Angeles, CA 90071-3197 |
| (202) 955-8500 | (213) 229-7000 |
| SPelletier@gibsondunn.com | TBoutrous@gibsondunn.com |
| EBrooks2@gibsondunn.com | KTownsend@gibsondunn.com |

*Counsel for Plaintiffs-Appellees*
*The New York Times Company and*
*Julian E. Barnes*

Plaintiffs-Appellees The New York Times Company ("The Times") and Julian E. Barnes ("Barnes") respectfully request leave to submit the attached declaration of David McCraw, Vice President and Deputy General Counsel at The Times, as supplemental evidence in support of their opposition to Defendants-Appellants' Motion for Stay.

The Times and Barnes seek leave to file the declaration in support of their opposition to the Motion for Stay as it provides additional evidence of the government's escalating campaign of retaliation against The Times and Barnes. As the declaration explains, late Friday, a few hours after Plaintiffs filed their opposition to the Motion for Stay, federal agents served grand jury subpoenas on Barnes and other Times reporters at their homes. The government has indicated that it took this extraordinary, bad-faith action in response to an article concerning the Department of Defense a/k/a Department of War (the "Department") that was published by The Times—specifically, an article that reported on security concerns emanating from President Donald Trump's use of a Qatari-donated Boeing 747-8 as the new Air Force One. *See* Michael M. Grynbaum, *Times Journalists Subpoenaed as Trump Escalates Pressure on Media*, N.Y. Times (July 11, 2026), *available at* https://www.nytimes.com/2026/07/11/business/media/new-york-times-trump-subpoenas.html. Secretary Pete Hegseth has publicly confirmed the Department's involvement in the subpoenas' issuance and threatened future similar actions aimed at "media" who were, in his words, "chasing a headline." *See* Video Posted by Secretary of War Pete Hegseth (@SecWar), X (July 13, 2026), https://x.com/SecWar/status/2076673841913344136.

1

The declaration is further evidence of the ongoing efforts by the administration, including Defendants, to punish and chill Plaintiffs' First Amendment-protected newsgathering and reporting, and thus provides further support for the district court's finding that Plaintiffs are likely to succeed on the merits of their claim that the Interim Policy, including its escort requirement, was imposed in retaliation for Plaintiffs' exercise of their First Amendment rights.  And this additional evidence underlines Plaintiffs' need for preliminary relief to stem the irreparable harm from the administration's retaliatory actions.  *See Media Matters for Am. v. Paxton*, 138 F.4th 563, 580 (D.C. Cir. 2025) (finding that claim by journalist and news organization that they are the targets of government retaliation "is a claim regarding concrete harm" that "is distinct from any resulting chilling effects").

Because the irreparable-harm, balance-of-hardships, and public-interest factors of the test for a stay pending appeal are assessed at the time the Court evaluates a request for a stay, *see Elrod v. Burns*, 427 U.S. 347, 373 (1976); *KalshiEX LLC v. Commodity Futures Trading Comm'n*, 119 F.4th 58, 64 (D.C. Cir. 2024), the Court may properly consider the attached declaration regarding post-judgment developments.  *See also* Fed. R. App. P. 8(a)(2)(B).  Doing so will ensure "the greatest possible accuracy in judicial decisionmaking," which is particularly important given that this Court's adjudication of this matter "affects the broad public interest." *Consumers Union of U.S., Inc. v. Fed. Power Comm'n*, 510 F.2d 656, 662 (D.C. Cir. 1974).

Dated:  July 13, 2026

Respectfully submitted,

*/s/ Theodore J. Boutrous, Jr.*

Theodore J. Boutrous, Jr.
Katie Townsend
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
TBoutrous@gibsondunn.com
KTownsend@gibsondunn.com

Susan M. Pelletier
Eric Brooks
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, NW
Washington, DC 20036-4504
(202) 955-8500
SPelletier@gibsondunn.com
EBrooks2@gibsondunn.com

*Counsel for Plaintiffs-Appellees*
*The New York Times Company and Jul-*
*ian E. Barnes.*

3

## <u>CERTIFICATE OF COMPLIANCE (RULE 32(G)(1))</u>

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 483 words.  This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in 14-point Times New Roman, a proportionally spaced typeface.

*/s/ Theodore J. Boutrous, Jr.*

Theodore J. Boutrous, Jr.