ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

NEW YORK TIMES COMPANY, et al.,

　　　　　Plaintiffs-Appellees,

v.

DEPARTMENT OF DEFENSE, also
known as DEPARTMENT OF WAR, et
al.,

　　　　　Defendants-Appellants.

No. 26-5253

**RESPONSE TO CORRECTED MOTION FOR
LEAVE TO SUBMIT ADDITIONAL EVIDENCE**

Pursuant to Federal Rule of Appellate Procedure 27(a)(3), the

government hereby submits its response to plaintiffs' motion for leave to

submit additional evidence.

In that motion and attached declaration, plaintiffs state that plaintiff

"Barnes and other Times reporters" were recently "served grand jury

subpoenas." Mot. 1. In plaintiffs' telling, those subpoenas are related to two

articles that the New York Times published last week. One "reported that

President Trump flew out of Turkey on July 8, 2026 on the old Air Force One

instead of the new Air Force One" as "a security precaution." McCraw Decl. 1. The other "reported on security concerns related to President Trump's use of the new aircraft." McCraw Decl. 2. Both articles rely on anonymous government sources, and both suggest that those sources have provided the reporters with information that is "classified" or related to "intelligence assessments." *See* Tyler Pager et al., *New Air Force One Lacks Defensive Countermeasures of Previous Model, Officials Say*, N.Y. Times (July 9, 2026), https://www.nytimes.com/2026/07/09/us/politics/new-air-force-one-defensive-countermeasures.html; Tyler Pager et al., *Security Precaution Led Trump to Use Old Air Force One in Leaving Turkey*, N.Y. Times (July 8, 2026), https://www.nytimes.com/2026/07/08/us/politics/trump-air-force-one-security.html.

Plaintiffs' new declaration does not bear on the propriety of the district court's preliminary injunction in this case or on the government's entitlement to a stay pending appeal. For one, that declaration was not before the district court when it granted a preliminary injunction and cannot serve as a basis for upholding that injunction on appeal. *Cf. Sherley v. Sebelius*, 610 F.3d 69, 75 (D.C. Cir. 2010) (explaining that it "falls to the district court in the first instance" to balance the preliminary-injunction factors and decide whether to

grant relief (quotation omitted)). For another, rules of grand-jury secrecy prevent the government from meaningfully responding to plaintiffs' characterizations regarding the grand-jury subpoenas that they say they have received or any underlying investigation, *see* Fed. R. Crim. P. 6(e), which makes it particularly inappropriate to consider plaintiffs' arguments in this context. Nor could plaintiffs' assertions about any "escalating campaign of retaliation," Mot. 1, rehabilitate the fundamental conceptual problems with their specific retaliation claim against the generally applicable, viewpoint-neutral, and minimally burdensome escort requirement. *See* Stay Mot. 12-17.

Moreover, even on its own terms, plaintiffs' attempt to draw a connection between the subpoenas they discuss and their claim challenging the escort requirement is remarkably weak. On plaintiffs' telling, the subpoenas were issued by the United States Attorney for the Southern District of New York[1] last week and pertain to two stories that were also published last week. Plaintiffs fail to establish any substantial connection between those subpoenas and the escort requirement, which was

---

[1] *See* Michael M. Grynbaum, *Times Journalists Subpoenaed as Trump Escalates Pressure on Media*, N.Y. Times (July 11, 2026), https://www.nytimes.com/2026/07/11/business/media/new-york-times-trump-subpoenas.html.

3

implemented by Department of War officials more than three months ago. To the extent that plaintiffs' view is that any federal government action that they dislike—no matter how disconnected from the escort requirement's issuance—provides an additional basis to enjoin the Department's neutral and generally applicable access regulation, that view only underscores the untenable consequences of their theory. *See* Stay Mot. 21. And insofar as plaintiffs contend that the federal government's attempt to (in plaintiffs' telling) identify federal employees who may have illegally disclosed information to the press as "bad-faith" or unconstitutional action, Mot. 1-2, plaintiffs vividly illustrate their flawed attempt to obtain special treatment rather than preserve the First Amendment rights that they share with all of the public. *Cf. Branzburg v. Hayes*, 408 U.S. 665, 667 (1972) (holding that it does not "abridge[] the freedom of speech and press guaranteed by the First Amendment" to "requir[e] newsmen to appear and testify before" a grand jury); *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1141, 1145 (D.C. Cir. 2006) (rejecting contention by journalists that any First Amendment privilege protects "a reporter called to testify before a grand jury regarding confidential information" (quotation omitted)).

4

Although plaintiffs assert that their new declaration may bear on the equitable factors, that assertion does not hold up. Of course, plaintiffs cannot seek relief from subpoenas in this case, and they nowhere explain how the issuance of those subpoenas (even if plaintiffs were somehow correct that they were retaliatory) provides a firm basis for a court order providing them a right to wander the Pentagon unescorted.

To the contrary, plaintiffs assert that they have published multiple stories about the specific security measures included on the President's planes based on the unauthorized disclosure of "classified" information bearing on "sensitive security issues." *See Security Precaution Led Trump to Use Old Air Force One in Leaving Turkey*, *supra*; *Times Journalists Subpoenaed as Trump Escalates Pressure on Media*, *supra*. If anything, that assertion only underscores the legitimate national-security imperative underlying the Department's desire to curb reporters' access to classified and controlled information.

Respectfully submitted,

BRAD HINSHELWOOD
JACK STARCHER

*/s/ Sean R. Janda*

SEAN R. JANDA
(202) 514-3388
  Attorneys, Appellate Staff
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Washington, D.C. 20530

July 2026

6

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit set by Federal Rule of Appellate Procedure 27(d)(2)(A), because it contains 802 words.  This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in CenturyExpd BT 14-point font, a proportionally spaced typeface.

/s/ *Sean R. Janda*
Sean R. Janda