**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7260
Washington, DC 20530

Tel: (202) 514-8877

October 5, 2026

VIA CM/ECF

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue, NW
Washington, DC 20001

RE: *Department of Defense v. The New York Times Company*, No. 26-5253 (oral argument scheduled November 16, 2026)

Dear Mr. Cislak:

I write in response to plaintiffs' letter regarding this Court's recent decision in *Mahoney v. U.S. Capitol Police Board*, No. 24-5207 (D.C. Cir. Sept. 22, 2026). That decision held that a regulation "broadly restrict[ing] expressive activity" on the Eastern Steps of the Capitol Building unless sponsored by a member of Congress—in which case the same activity was permitted "essentially without other limits"—was unreasonable. Op. 17.

That decision has no bearing here. For one, *Mahoney* did not involve a retaliation claim and could thus be relevant only to plaintiffs' alternative grounds for affirmance, which this Court should not reach. *See* Reply Br. 21. And regardless, even as to those grounds, *Mahoney*'s context-specific analysis—involving a different restriction on a different space—provides no support for plaintiffs' attempt to generate a First Amendment right to access the Pentagon unescorted.

Although *Mahoney* concluded that the Eastern Steps are a nonpublic forum, the Court emphasized that those Steps "abut a traditional public forum"—the "sidewalks around the Capitol"; have previously (and are currently) used for "demonstration activity" in certain circumstances; and are "part of a wider American tradition of public speech near legislatures." Op. 10, 15-16. Given that "history and surrounding circumstances," the Court engaged in "a relatively probing review" of the challenged regulation. Op. 15-16 (quotation omitted). And the Court held that the restriction was unreasonable because it provided "preferential treatment on the Steps of the Capitol." Op. 17.

Nothing about that analysis is relevant here. Plaintiffs seek unescorted access to the Pentagon, a secure government facility that is not generally open to the public and that is not used as a space for communicative activity. There is thus no cause to similarly apply a particularly "probing review" to the escort requirement. And regardless, the requirement neither prohibits journalists' access entirely nor provides preferential treatment to some journalists. Instead, all journalists may continue to access the Pentagon to engage in newsgathering under the same generally applicable conditions. Therefore, even under the principles articulated in *Mahoney*, the escort requirement would remain a reasonable restriction on access to the Pentagon.

Sincerely,

*/s/ Jack Starcher*
Jack Starcher